Dear Mr. Plaisance:
You have requested an opinion of the Attorney General in your capacity as Executive Director of the State Employees Group Benefits Program ("Program"). You state that the Program administers a self-funded and self-administered accident and health benefit plan and a life insurance program on behalf of state employees and retirees. The Program adjudicates more than one million claims a year. After deducting co-payments and deductibles, some claims result in a benefit amount of less than one dollar. In these cases, the Program routinely issues a check for the exact benefit amount.
A question has arisen as to whether the Program can avoid issuing benefit checks for small amounts of money by accumulating benefits owed to a participant until the benefit(s) exceeds a certain dollar amount.
In answer to your question, I refer you to R.S. 42:877 which provides:
 "The board shall be responsible for the processing of all claims under policies for group benefits for state employees contracted for under the provisions of this Chapter. The board shall be responsible for the disbursement of all payments of such claims to program participants."
As noted above, the Board of Trustees for the Program is ultimately responsible for the processing of all claims and the disbursement of benefit payments. The statutory provisions creating and governing the operation of the Board are silent with regard to the time period within which claims must be paid from the date of their receipt.
However, R.S. 22:657 clearly provides the following, with regard to the timeliness of claim payments:
 "A. All claims arising under the terms of health and accident contracts issued in this state . . . shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exists . . . . Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court."
As can be gleaned from the above, all claims, regardless of the amount, must be paid within thirty days of receipt. The penalty for failure to pay timely is double the amount of the benefits due and attorney's fees. The statute provides no exemptions and/or exclusions which would inure to the benefit of the Program. While the penalty may be negligible as it pertains to the benefits owed, it could be substantial with regard to attorney's fees.
We therefore opine that the Program must adhere to the statutory mandate contained in R.S. 22:657 that all claims be paid within thirty days of receipt. Should the Program wish to alter its method of claim payments, we recommend that it do so only after legislative authorization.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: _____________________ ROBERT E. HARROUN, III
Assistant Attorney General